UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:16-CV-00090-JHM

**KAYE WINK, Individually and as next of Kin of Donald Wink, deceased, and also on behalf of all similarly situated persons**     **PLAINTIFF**

**VS.**

**NATURMED, INC., d/b/a THE INSTITUTE FOR VIBRANT LIVING, an Indiana Corporation, and BACTOLAC PHARMACEUTICAL, INC., a New York Corporation**     **DEFENDANTS**

### MEMORANDUM, OPINION AND ORDER

### BACKGROUND

Defendant, NaturMed, Inc., has moved the Court for leave to file an amended answer and cross-claim (DN 37). Bactolac Pharmaceutical, Inc. has filed a memorandum in opposition (DN 40). NaturMed has filed a reply memorandum (DN 41) with supporting documents (DN 43 SEALED) and a supplement to its reply memorandum (DN 46).

### NATURE OF THE MOTION

On July 13, 2016, Plaintiff filed this statewide class action lawsuit alleging that NaturMed's dietary supplement products made customers sick and it's product called All Day Energy Greens was the reason for Donald Wink's death on October 27, 2015 (DN 1). On

September 27, 2016, the Court entered a scheduling order that included an October 14, 2016 deadline for all motions to amend pleadings and join additional parties (DN 23).

On October 4, 2016, Plaintiff filed an amended complaint that added Bactolac as a defendant and raised additional claims (DN 25). Plaintiff alleges that Bactolac manufactures and sells to NaturMed the dietary supplement products, including All Day Energy Greens, that NaturMed then sells to the public (Id.). On November 11, 2016, Bactolac filed an answer to the amended complaint (DN 33). The scheduling order deadlines have not been amended since Bactolac joined this action.

On February 7, 2017, NaturMed filed its motion for leave to file an amended answer and cross-claim against Bactolac (DN 37). NaturMed asserts that based on its investigation of the claims and issues presented in this class action lawsuit, it has recently identified certain cross-claims against Bactolac arising out of its manufacture of product, including All Day Energy Greens, for NaturMed (Id.). NaturMed explains that the facts surrounding the manufacture and delivery of the alleged defective product from Bactolac to NaturMed are critical to what entity could be responsible for Plaintiff's allegations (Id.). NaturMed asserts that adjudicating its claims for indemnity and damages against Bactolac in this matter will promote justice, judicial economy, and avoid inconsistent rulings (Id.). NaturMed contends that the counter-claims will not delay discovery in this matter (Id.).

Bactolac objects to the motion because NaturMed has not shown "good cause" for its failure to meet the October 14, 2016 deadline for filing motions to amend pleadings and join additional parties (DN 40 citing Fed. R. Civ. P. 16(b)(4) and Leary v. Daeschner, 349 F.3d 888,

909 (6th Cir. 2003)). Bactolac asserts that NaturMed has shown a lack of diligence in bringing the counterclaim because the allegations were known by NaturMed prior to the October 14, 2016 deadline (DN 40).

In its reply, NaturMed argues that Bactolac cannot demonstrate that prejudice will result if the Court grants leave to file the proposed amended answer and cross-claim against Bactolac (DN 41). NaturMed points out that it filed this motion less than three months after Bactolac filed its answer, no trial date has been set, and the parties are in the early stages of discovery (Id.). NaturMed asserts that its crossclaims will not significantly expand the scope of issues for discovery or trial (Id.). NaturMed contends that allowing its crossclaims to proceed in this case will avoid the unnecessary duplication and waste of judicial resources that would result if NaturMed were instead required to file a separate action against Bactolac to assert the same claims (Id.). NaturMed claims that it has been reasonably diligent in the investigation of its counterclaims considering the tens of thousands of documents that its counsel has reviewed (Id.). NaturMed asserts that Bactolac has delayed NaturMed's investigation by withholding important information such as batch sheets concerning the products Bactolac manufactured for NaturMed (Id.).

In its supplement to the reply, NaturMed reports that Bactolac has asked Plaintiff and NaturMed to agree to extend some of the deadlines in the scheduling order (DN 46). NaturMed points out that Bactolac is requesting that the deadline for filing motions to amend pleadings and add parties be extended from October 14, 2016 to April 14, 2017 (Id.). NaturMed suggests that Bactolac request to extend that deadline is inconsistent with its opposition to NaturMed's motion for leave to file an amended answer and cross-claim (Id.).

3

DISCUSSION

The issue of amendment of a pleading is directly governed by Rule 15(a). However, if the scheduling order's deadline for amending pleadings has passed, a plaintiff first must show good cause under Rule 16(b)(4) before a court will consider whether the proposed amendment is proper under Rule 15(a). Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003) (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." Id. As two recent opinions from the Western District of Kentucky have observed, the evaluation of Rule 16's "good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *3 (W.D. Ky. July 6, 2016) (quoting Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also* Hutson, Inc. v. Windsor, No. 5:12-CV-GNS-LLK, 2015 U.S. Dist. LEXIS 131033, at *3 (W.D. Ky. Sept. 29, 2015). This "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Id.

After considering the circumstances and arguments of NaturMed and Bactolac, the undersigned concludes that NaturMed has demonstrated "good cause." Plaintiff amended her claims and joined Bactolac just ten days before the deadline in the scheduling order expired. Despite NaturMed's diligence in the investigation of possible cross-claims against Bactolac, the October 14, 2016 deadline in the scheduling order could not have reasonably been met.

Moreover, given the tens of thousands of pages of material that NaturMed apparently reviewed and the challenges that it faced in obtaining certain documents from Bactolac, NaturMed was diligent in filing its motion for leave to file an amended answer and cross-claim against Bactolac. Additionally, there will be no prejudice to Bactolac if the motion is granted because the deadlines in the scheduling order can be extended to accommodate Bactolac's circumstances.

      The court should freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). Notably, Bactolac has not raised any of the above factors in its objection to the proposed amended answer and cross-claim. Further, the undersigned has considered the above factors and concludes the proposed amended answer and cross-claims are not sought in bad faith, for dilatory purposes, will result in undue delay or prejudice to the opposing parties, or would be futile. Therefore, justice requires granting NaturMed leave to file the proposed amended answer and cross-claim.

ORDER

**IT IS HEREBY ORDERED** that NaturMed's motion for leave to file an amended answer and cross-claim against Bactolac (DN 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to file the proposed amended answer and cross-claim (DN 37-1).

Copies to:     Counsel of Record